IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISON

FILED
APR 18 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| PADDOCK COLLINS, <br> Plaintiff | ) | |
| Vs. | ) | CIVIL NO. 4:17-cv-00005 |
| BRAD LIVINGSTON, GLEN WITFIELD, DVID JIMENEZ, H. JETER, And P. KEMPT, <br> Defendants | ) <br><br> ) | |

**PLAINTIFF'S AMENDED COMPLAINT**

**I.**

I. This complaint is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation of federally-protected Constitutional rights and laws of the United States. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. Sections 1331 and 1343, with the enforcement provision being 42 U.S.C. 1983.

**II.**

**PARTIES**

2. Plaintiff Paddock Collins is incarcerated in the TDCJ-CID, and is presently confined in the Walker County, Texas Jail located at 655 FM 2821 Road West, Huntsville, Texas 77320.

3. The Defendants are Brad Livingston, former Executive Director of the TDCJ, Glen Whitfield, Senior Warden at the James Lynaugh Unit, TDCJ-CID, P. Kempt, employed as a Captain at the James Lynaugh Unit, TDCJ-CID, H. Jeter, employed as the Safe Prisons Officer at the Lynaugh Unit, TDCJ-CID, and David Jimenez, formerly employed as a Correctional Officer at the Lynaugh

3

Unit, TDCJ-CID, in Pecos County, Texas. The Defendants are sued in their individual capacities for damages and further relief.

### III.

### CAUSE OF ACTION

4. Prior to and during November 10, 2014 Plaintiff was housed in a segregation cell at the Lynaugh Unit, TDCJ-CID, for purposes of protection from assault by other prisoners confined at the Lynaugh Unit. On November 9, 2014 Plaintiff had been placed in Offender Protection investigation due to threats made by a security threat group, and remained in such confinement on November 10, 2014.

5. On November 10, 2014 Defendant David Jimenez, employed as a TDCJ-CID Correctional Officer, came to the cell in which Plaintiff was confined on several occasions, questioning Plaintiff regarding his background, circumstances of being placed in administrative segregation, and handed Plaintiff commissary-purchased food items as well as a personal note from Jimenez.

6. Subsequent to the events described in number 5. above, at approximately 5:15 p.m. on November 10, 2014 Defendant David Jimenez returned to Plaintiff's cell, caused the door of the cell to be unlocked and entered the cell holding a 3-foot long steel flood slot bar. Without any provocation from Plaintiff, Jimenez began yelling at Plaintiff and ordered him to lay down. Plaintiff complied with the order. Jimenez then maliciously and sadistically placed the steel bar across Plaintiff's neck with significant pressure, causing Plaintiff to drift into a semi-conscious state. Jimenez pulled Plaintiff's pants and underwear down to Plaintiff's knees and inserted Plaintiff's penis into his (Jimenez's) mouth where it remained for several minutes. Defendant Jimenez proceeded to bite Plaintiff's torso under the right nipple, and choking Plaintiff, in continuing to use excessive force maliciously and sadistically.

7. Immediately following the attack upon Plaintiff as described in 6. above, Defendant Jimenez threatened Plaintiff as he left the cell, stating to Plaintiff he "knew what it was" if he reported the incident.

8. On November 14, 2014 Plaintiff reported the excessive use of force/sexual assault by Defendant Jimenez to a TDCJ-CID Lieutenant, who collected Plaintiff clothing and placed them in an evidence bag. Plaintiff was transported to Pecos Memorial Hospital on that same day where a sexual assault examination was conducted, photos taken of the bite marks inflicted by Defendant Jimenez, as well as marks and bruises on Plaintiff's body inflicted by Jimenez. The examining nurse detected traces of Jimenez's DNA using a blue light. A representative of the Office of Inspector General was present.

9. On November 17, 2014 Plaintiff was interviewed by the same official from the Office of Inspector General and a statement taken.

10. On November 18, 2014 Defendant Heather Jeter, the Lynaugh Unit Safe Prisons Coordinator, informed Plaintiff that the investigation had been closed due to lack of evidence supporting Plaintiffs claim of the assault by Defendant Jimenez.

11. On November 18, 2014 Defendant Captain Kempt and Assistant Warden Bowers asked Plaintiff what it would take for Plaintiff to just forget about what happened regarding the assault by Defendant Jimenez.

12. Plaintiff was transferred to the TDCJ-CID Stringfellow Unit some three weeks later. Approximately nine days after his arrival Plaintiff was advised by Senior Warden Rescano and Safe Prisons Officer Mr. Ward that DNA results of the sexual assault examination mentioned above in this confirmed a positive match of DNA evidence with Defendant Jimenez. Plaintiff was advised that Defendant Jimenez was no longer employed by the TDCJ.

13. The excessive use of force and sexual assault upon Plaintiff by Defendant Jimenez, as described in paragraphs 6 and 7 above, perpetrated upon Plaintiff by said Defendant in a malicious and sadistic manner, violated the Eighth and Fourteenth Amendment Rights of Plaintiff under the United States Constitution. In assaulting Plaintiff Defendant Jimenez acted in a reckless or callous disregard for the said rights of Plaintiff.

As a result of the physical and sexual assault by Defendant Jimenez up Plaintiff, Plaintiff suffered substantial physical injury, including injuries to his neck, torso, and hands, and including bite marks and bruises. The malicious and sadistic assault caused Plaintiff severe mental and emotional distress, anguish and suffering, which continues.

14. Defendants Brad Livingston, Glen Whitfield, P. Kempt and Heather Jeter are each individually liable under the legal theories of failure to train and supervise Defendant Jimenez, which was the moving force behind Defendant Jimenez's excessive use of force and sexual assault upon Plaintiff as described above in this complaint. Each said Defendant had knowledge, or reasonably should have had knowledge given their employment statuses and ranks, of a prior, wide-spread, long history of numerous instances of excessive force and/or sexual assaults perpetrated upon TDCJ-CID inmates by TDCJ-CID employees, and upon inmates by other inmates; and as publicized in the media and on file with the United States Department of Justice, as well as by the TDCJ and its Correctional Institutions Division.

15. Prior to the assault upon Plaintiff by Defendant Jimenez each named Defendant had actual knowledge, or reasonably should have had knowledge, of the passage of the Prison Rape Elimination Act ("PREA") in 2003, and the mandates and procedures of the TDCJ Safe Prison Act. The Defendants Brad Livingston, Glen Whitfield, P. Kempt, and H. Jeter had knowledge

that notwithstanding the existence of the Safe Prisons Act and/or PREA, sexual assaults of TDCJ inmates were continuing to occur.

16. However, each named Defendant mentioned in the preceding paragraph exhibited a deliberate indifference or reckless disregard for the need for additional and/or improved training and supervision for TDCJ-CID employees, including Correctional Officers, in the said Safe Prisons Act, and/or PREA, and/or excessive force policies of the TDCJ-CID, and in recognizing and appreciating the harms caused to inmates by sexual assault and in the context of the excessive use of force. Each named Defendant exhibited a deliberate indifference or reckless disregard for the need of improved training and/or supervision of TDCJ-CID employees, including Correctional Officers, as well as exhibiting a deliberate or callous indifference to the Eighth and Fourteenth Amendment Rights of Plaintiff. Such deliberate or callous indifference was the moving force behind the violations of Plaintiff's Eighth Amendment Constitutional Rights.

17. Prior to bringing this lawsuit Plaintiff exhausted his TDCJ Administrative Remedies by filing a step 1 grievance and step 2 grievance appeal.

## IV.

## PRAYER FOR RELIEF

20. Wherefore, Plaintiff prays for the following relief:

    A. Award Plaintiff, as compensatory damages, of and against Defendant David Jimenez, the sum of $300,000.00, in his individual capacity;

    B. Award Plaintiff, as compensatory damages, of and against Defendants Brad Livingston, Glen Whitfield, P. Kempt and H. Jeter, the sum of $100,000.00 of and against each Defendant, in their individual capacities.

C. Award Plaintiff, as punitive or exemplary damages, of and against Defendant David Jimenez, the sum of $250,000.00, for the reckless, callous and/or deliberate indifference to the Eighth and Fourteenth Amendment Constitutional rights of Plaintiff;

D. Award Plaintiff costs of suit;

E. Award Plaintiff attorney's fees pursuant to 42 U.S.C. 1988;

F. Award Plaintiff such relief as the Court deems just and proper under law;

G. Plaintiff demands a trial by Jury of all issues.

Respectfully submitted,

_____
ASHLEY B. BURLESON
State Bar No. 24058633
1001 Texas Avenue, Suite 1400
Houston, Texas  77002
Telephone:  713-201-7399
Facsimile:   888-260-5496
Email:  ashleycando@gmail.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

    I certify that on April 17th, 2017 a true and correct copy of the forgoing and within has been served on the following person in accordance with the Federal Rules of Civil Procedure, to wit:

Bruce Garcia
Assistant Attorney General
Post Office Box 12548
Austin, Texas 78711-2548
Via Email, at Bruce.Garcia@texasattorneygeneral.gov

                                               _____
                                               ASHLEY B. BURLESON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| PADDOCK COLLINS,<br>    Plaintiff | ) | |
| Vs. | ) | CIVIL NO. 4:17-cv-00005 |
| BRAD LIVINGSTON, GLEN WHITFIELD,<br>H. JETER, P. KEMPT, ____ JIMENEZ,<br>    Defendants | ) | |

## ORDER

On this day the Court considered Plaintiff's Motion For Leave To File Plaintiff's Amended Complaint, and the Plaintiff's Amended Complaint. After reviewing the case file, Plaintiff's Motion and Amended Complaint the Court is of the opinion that Plaintiff's motion should be Granted.

It is therefore the Order of the Court that Plaintiff's Motion For Leave To File Plaintiff's Amended Complaint is Granted. The Clerk shall file the Plaintiff's Amended Complaint, which shall become the live Plaintiff's complain in this case.

Signed on this____day of_____, 2017.

_____
UNITED STATES DISTRICT JUDGE